IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   5:95cr5016/LAC/EMT
                                                    5:16cv264/LAC/EMT
JAMES KEITH JOHNSON

---

## REPORT AND RECOMMENDATION

The Government has moved to dismiss Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," and Defendant has responded by moving to deny the Government's motion (ECF Nos. 183, 187, 188). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that the Government's motion to dismiss should be granted.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a total term of 447-months imprisonment after a jury convicted him of two counts of armed bank robbery and two counts of possession of a firearm during the commission of a felony (ECF Nos. 36, 46).

While his appeal was pending, the Government moved for a remand for resentencing (ECF No. 83). The court resentenced him to a total term of 420 months (ECF Nos. 88, 93). Defendant appealed again, and his conviction and sentence were affirmed (ECF No. 106). In August of 2000, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 109). The court denied the motion in May of 2002, and his appeal thereof was dismissed in October of 2002 (ECF Nos. 130, 132, 161). In 2005, Defendant moved to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(C)(2) (ECF No. 163). The court denied his motion, and he unsuccessfully appealed (ECF Nos. 164, 178 (mandate, issued in March 2006)).

Defendant filed nothing further for almost ten years, until January of 2016, when he moved to correct errors in the Presentence Report concerning the descriptions of two of his prior convictions, one for robbery and one for bank robbery, which were assessed a total of four criminal history points (ECF No. 179, ECF No. 189, PSR ¶¶ 41, 42). The court granted the motion on February 1, 2016, stating:

> The Presentence Report is corrected in Paragraphs 41 [the robbery offense] and 42 [the bank robbery offense] to reflect the name of the conviction in both paragraphs as "Attempt to Commit Robbery, 1st degree." However, this name change has no impact upon the sentencing guidelines or the sentence itself.

(ECF No. 180).  Defendant subsequently filed a "Motion to Compel the United States Probation Office to Correct Errors in the Presentence Investigation Report and to Provide a Corrected Copy to the Federal Bureau of Prisons for Use in All Future Classification Decisions" (ECF No. 181).   Defendant did not seek sentencing relief at that time, although he appended to his motion an order from the Circuit Court of Cullman County, Alabama, dated November 13, 2015, vacating the 1984 conviction for Attempted Robbery in the First Degree (i.e., the conviction reflected in paragraph 41 of the PSR, as amended by the district court)[1] (ECF No. 181 at 8–9).  No changes were made to the PSR as a result of Defendant's filing (*see* ECF No. 182 (explaining why no further changes were made)).[2]

---

[1] The Alabama Circuit Court's order makes clear that the conviction contained in Paragraph 41 of the PSR, for which three criminal history points remain assessed, was vacated (*see* ECF No. 181 at 8–9).  Defendant suggests that in the same order the Alabama Court also vacated the conviction contained in Paragraph 42 of the PSR, for which one criminal history point remains assessed, but such is not clear from the order.  The Alabama order is captioned Case 1983-00330.60 (the conviction referenced in Paragraph 41 of the PSR), and the caption includes the handwritten addition of Case No. 1983-000331.60 (the conviction referenced in Paragraph 42 of the PSR) (*see id.* at 8). The body of the order, however, only vacates the former conviction (*see* ECF No. 181 at 9).

[2] Although the Alabama Court issued its order vacating at least one of Defendant's attempted robbery convictions in November 2015, Defendant did not submit a copy of this order with the first motion he filed to correct the PSR.  Instead, he merely asked that the descriptions of the robbery and bank robbery offenses be amended, which relief the district court granted, as noted *supra*.

Case Nos.: 5:95cr5016/LAC/EMT; 5:16cv264/LAC/EMT

In September of 2016, Defendant filed the instant motion to vacate, seeking to challenge the sentence imposed based upon the alleged errors in the PSR. He appears to assert that the motion is timely because it was filed within one year from the date this court corrected the error regarding the description of the robbery offenses in his PSR (ECF No. 183 at 16). It also was filed within one year from the date the Alabama Court vacated at least one of his Attempted Robbery convictions (*see* ECF No. 181 at 9). This does not alter the fact that the motion is the second motion Defendant has filed challenging his sentence in this case, which is the basis for the Government's motion to dismiss.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of

evidence that was not previously available, including evidence that appears to demonstrate that—due to having one or more prior convictions vacated—the defendant's criminal history points and corresponding criminal history category would be lower if the guidelines were recalculated today.  *See* 28 U.S.C. § 2255(h)(1).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:95cr5016/LAC/EMT; 5:16cv264/LAC/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Government's "Motion to Dismiss Defendant's Second and Successive Motion to Correct Sentence under 28 U.S.C. § 2255" (ECF No. 187) be **GRANTED**.

2. Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (ECF NO. 183) be summarily **DENIED and DISMISSED**.

3. Defendant's Motion to Deny Government's Motion to Dismiss (ECF No. 188) be **DENIED**.

4. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of April 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:95cr5016/LAC/EMT; 5:16cv264/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.